*Formatted for Electronic Distribution* *Not For Publication*



Filed & Entered
On Docket
06/10/2021

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**
    **Alan Elias,**
         **Debtor.**

Chapter 13
Case # 20-10334

_____

| | |
|---|---|
| *Appearances:*   Rebecca A. Rice, Esq. | Sara M. Buchanan, Esq. |
|                    Cohen & Rice | Bendett & McHugh, P.C. |
|                    Rutland, Vermont | Farmington, Connecticut |
|                    For the Debtor | For U.S. Bank |

## MEMORANDUM OF DECISION
### SUSTAINING THE DEBTOR'S OBJECTION AND DENYING U.S. BANK'S MOTION TO FILE A LATE CLAIM

The matter before the Court is U.S. Bank's amended motion seeking to file a claim after the bar date, and the Debtor's opposition to that motion. For the reasons set forth below, the Court sustains the Debtor's objection and denies U.S. Bank's motion.

### JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court declares this contested matter to be a core proceeding according to 28 U.S.C. § 157(b)(2)(B), (L) and (O), over which this Court has constitutional authority to enter a final judgment.

### PROCEDURAL HISTORY

The Debtor filed this chapter 13 case on October 28, 2020 (doc. # 1), filed a chapter 13 plan on November 30, 2020 (doc. # 14) and filed amended plans on March 5, 2021 (doc. # 38), April 27, 2021 (doc. # 43), and April 30, 2021 (doc. # 44). U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank"), filed an objection to plan confirmation on January 20, 2021 (doc. # 24), and supplements to that objection on February 23, 2021 (doc. # 36), and March 18, 2021 (doc. # 40). U.S. Bank's plan objection, and this contested matter, are the sole obstacles to confirmation of the Debtor's plan at this time.[1]

---

[1] The Internal Revenue Service withdrew its objection to plan confirmation (doc. # 25) on April 27, 2021. Although the city of Rutland has not yet withdrawn its objection (doc. # 26), the Debtor's most recent amended plan appears to resolve the issue.

The deadline for filing non-government claims in this case was January 6, 2021 (doc. # 4). On that date, in lieu of filing its proof of claim, U.S. Bank filed a motion seeking to file a claim after the bar date (doc. # 22, the "USB Motion"). The Debtor filed a response in opposition to the USB Motion on January 26, 2021 (doc. # 27). On February 19, 2021, U.S. Bank filed an amended motion (doc. # 33, the "Amended USB Motion") and the Debtor filed an objection to the Amended USB Motion on March 15, 2021 (doc. # 39, the "Debtor's Objection").

On March 19, 2021, the Court held a hearing on the Amended USB Motion and the Debtor's Objection, at which the chapter 13 trustee (the "Trustee") and counsel for the Debtor and U.S. Bank appeared.[2] The Court adjourned the matter to April 30, 2021, to give U.S. Bank an opportunity to file a supplemental brief and the Debtor and Trustee to file responsive briefs (see docket entry dated March 19, 2021). The Court held a continued hearing on April 30, 2021, at which time U.S. Bank informed the Court it did not wish to file a supplemental brief, and the Court took this matter under advisement.

## LEGAL ISSUE PRESENTED

The legal issue presented in this contested matter is whether U.S. Bank may file a late claim either pursuant to Federal Rules of Bankruptcy Procedure 3002(c) and 9006(b), or based on equitable principles.

## DISCUSSION

In its initial USB Motion, U.S. Bank asserted an estimated claim of $36,430.54, and argued its failure to timely file a proof of claim was the result of excusable neglect due to a computer system error related to the Debtor having filed a prior chapter 13 case (ch 13 # 14-10011) that was not closed until approximately one month after the Debtor filed the instant case. In the Debtor's response to the USB Motion, he argued U.S. Bank failed to demonstrate excusable neglect and requested the Court either deny the USB Motion or, in the alternative, limit the amount of U.S. Bank's secured claim to $36,430.54 so the Debtor could file an amended plan that addressed U.S. Bank's claim in that amount.

In its Amended USB Motion, U.S. Bank asserts an estimated claim of $232,395.21, including an estimated pre-petition arrearage of $25,710.44. U.S. Bank argues that because the Debtor filed this case on October 28, 2020, at a time when the Debtor's prior bankruptcy case was not yet closed, there was confusion in U.S. Bank's system that impeded its ability to timely file a proof of claim, and these circumstances constitute excusable neglect:

> As a result of the concurrent bankruptcy filings, the Creditor's system reflected only the 2014 case and not the 2020 case which caused a delay and prevented the Creditor from timely filing its Proof of Claim. Now that the issue has been detected, the Creditor will be able to file its Proof of Claim. See Declaration in Support attached hereto as Exhibit A.[3]

---

[2] Counsel for Deutsche Bank, the Internal Revenue Service, and the city of Rutland also appeared at the March 19th hearing.
[3] U.S. Bank attaches as an exhibit a declaration of facts in support of the Amended USB Motion, executed by Mike Ruiz in his capacity as Assistant Vice President for Rushmore Loan Management Services, LLC, U.S. Bank's servicer for the instant mortgage loan.

> Creditor's failure to timely file its Proof of Claim is a result of excusable neglect caused by the confusion in the Creditor's system that resulted from the concurrent bankruptcy filings.

Doc. # 33, pp. 1–2, ¶¶ 4–5.

The Debtor's Objection contends U.S. Bank is not entitled to enlargement of time for excusable neglect under Rule 9006(b)(1) because section (b)(3) of the same rule limits enlargement to circumstances which satisfy the two exceptions set forth in Rule 3002(c)(6), neither of which apply here. In the alternative, the Debtor argues U.S. Bank's explanation of the cause for its delay does not constitute excusable neglect because U.S. Bank is a national servicer, overlapping chapter 13 cases are not "dramatically uncommon," and "[t]here does not appear to be any notice issue[] with [U.S. Bank] not having received the Notice of Commencement in this case" (doc. # 39, p. 1).

Rule 9006(b) governs enlargements of time in general. It provides, in relevant part:

> (b) Enlargement.
>
> > (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … permit the act to be done where the failure to act was the result of excusable neglect.
> >
> > …
> >
> > (3) Enlargement governed by other rules. The court may enlarge the time for taking action under Rules … 3002(c) … **only to the extent and under the conditions stated in those rules** ….

Fed. R. Bankr. P. 9006(b)(1), (3) (emphasis added). Rule 3002(c) governs the time for filing a proof of claim in a chapter 13 case. It provides, in relevant part:

> (c) Time for filing. In a voluntary chapter 7 case, chapter 12 case, or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or chapter 13. In an involuntary chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days after the order for relief under that chapter is entered. But in all these cases, the following exceptions apply:
>
> > …
> >
> > (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
> >
> > > (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or

3

> (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

Fed. R. Bankr. P. 3002(c)(6).

The Debtor is correct that Rule 9006(b)(1) applies "[e]xcept as provided in paragraph[] … (3)," and that subsection (b)(3) allows a court to enlarge the time to take action under Rule 3002(c) "only to the extent and under the conditions stated" in Rule 3002(c). Fed. R. Bankr. P. 9006(b)(1), (3). The Debtor is also correct that Rule 3002(c) is the rule that establishes the deadlines for claims in a chapter 13 case and provides only two exceptions to the bar date for filing a proof of claim, both of which require a showing of insufficient notice to the creditor. See Fed. R. Bankr. R. 3002(c). A sister bankruptcy court in this Circuit squarely addressed the question of whether the excusable neglect standard applies to enlarge the time to file a proof of claim in a chapter 13 case, and answered it in the negative:

> [W]hile in a chapter 11 case, a court may extend the bar date for filing a proof of claim based upon excusable neglect, excusable neglect is not a valid basis to permit a proof of claim to be filed in a chapter 13 case beyond the time period set forth in Rule 3002(c). The court has no equitable power to extend a creditor's time to file a proof of claim in a chapter 13 case.

In re Moore, 2012 Bankr. LEXIS 1538 (Bankr. N.D.N.Y. Apr. 10, 2012) (Littlefield, C. J.) (citations and quotation marks omitted);[4] cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 389, n. 4 (1993) ("[t]he excusable neglect standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases ... [s]uch filings are governed exclusively by Rule 3002(c)") (quotation marks omitted).

U.S. Bank does not assert it meets either of the two exceptions to the bar date deadline established in Rule 3002(c)(6)(A) and (B), or that it did not receive notice of the Debtor's instant chapter 13 case, and the record in this case does not support a finding of insufficient notice. On the contrary, the Debtor filed a list of creditors with his petition that included U.S. Bank's servicer at a domestic address (doc. # 1, p. 59), and the Bankruptcy Noticing Center served notice of the commencement of the case and the deadline for filing proofs of claims to the servicer by first class mail on October 31, 2020 (doc. # 7, p. 3). Thus, U.S. Bank does not satisfy either exception for an enlargement of time under Rule 3002(c)(6) and is not entitled to relief based on excusable neglect under Rule 9006(b) since this is a chapter 13 case.[5]

---

[4] Although the court in Moore denied the creditor's motion for leave to file a late proof of claim, shortly thereafter the court determined the amount of the claim for purposes of a motion to dismiss, found the debtor's unsecured debt – including the creditor/movant's claim amount – exceeded the applicable debt limit for chapter 13 eligibility, and dismissed the case pursuant to §§ 105(a) and 109(e). In re Moore, case # 10-11491, doc. # 36 (Bankr. N.D.N.Y. June 22, 2012).

[5] At the March 19th hearing, the Court found U.S. Bank did not show excusable neglect and denied the Amended USB Motion to the extent it relied on that basis for relief. The Court modifies that determination, insofar as it now concludes Rule 3002(c)(6) controls and the excusable neglect basis for relief under Rule 9006(b)(1) does not apply in this case.

Further, even if the Court could grant this creditor an enlargement of time through the exercise of its equitable powers, U.S. Bank has not shown such relief to be warranted here. U.S. Bank did not raise the issue of equitable relief in any of its filings related to its original USB Motion or Amended USB Motion. The only argument U.S. Bank proffered in this vein is found in its most recent objection to plan confirmation, in which it contends the Debtor and his counsel failed to propose the plan in good faith:

> However, the Debtor must demonstrate that the Chapter 13 Plan was proposed in good faith to satisfy the requirements of 11 U.S.C. section 1325(a)(3) ….
>
> The Debtor has proposed a plan treating Creditor's debt using figures he knows to be incorrect based on a previously filed objection that has since been amended. Additionally, the original Chapter 13 Plan only provided for payment of a total claim amount of $1,061.02 even though Debtor's Schedule D listed the Creditor's total claim as $157,055.27. Furthermore, based on the confirmed plan in the first bankruptcy and the amount paid to the creditor by the Chapter 13 Trustee during the pendency of that case, the Debtor knew or should have known the approximate amount owed to the Creditor upon the completion of the first bankruptcy case.

Doc. # 40, pp. 3–4, ¶¶ 10–11.

At the March 19th hearing, Debtor's counsel addressed this allegation, arguing there was a good faith foundation for each of the Debtor's various listings of the U.S. Bank claim. She pointed out that the $1,061.02 figure in the Debtor's original plan was based on the then-most recent statement the Debtor had received from U.S. Bank. She explained the Debtor amended his plan to pay U.S. Bank $36,430.54 because that was the figure U.S. Bank sought in its original motion and Debtor's counsel knew the creditor had paid certain taxes that did not appear in recent statements and must be reimbursed. Finally, she indicated the Debtor intentionally chose not to rely on U.S. Bank's revised figure ($232,395.21) because "this creditor's numbers have been absolutely all over the books for the last fifteen years." Doc. # 42 (audio recording of March 19, 2021 hearing). U.S. Bank cited no cases or particular facts in support of its allegation of bad faith, identified no compelling circumstances that would open the door to equitable relief, and declined the opportunity to further brief this issue or more fully describe its argument in the context of the Amended USB Motion. Hence, the Court finds U.S. Bank has failed to establish any basis for an enlargement of time based on the Court's equitable powers.

Since Rule 3002(a) was amended in 2017 to clarify that a secured creditor must file a proof of claim to have an allowed claim, see Fed. R. Bankr. P. 3002(a), Notes of Advisory Committee on 2017 Amendments, it is plausible this ruling may raise more questions about the future of the Debtor's case than it answers. As another court asked in a recent and similar contested matter, "[s]o, where does that leave Debtor and U.S. Bank?" In re Williams, 622 B.R. 54, 59 (Bankr. N.D. Ill. 2020). In that chapter 13 case, the mortgage creditor filed a proof of claim within the allowed time period, but the court determined the original claim was invalid as of the time it was filed, the amended claim was untimely, and the

5

mortgage creditor's lien would pass through the bankruptcy unaffected. After explaining the legal and procedural basis for its ruling, that court observed the practical consequences of its determination:

> Assuming that U.S. Bank can prove to the satisfaction of a state court that it owns the Note and Mortgage, it will be able to assert its lien against the Residence once Debtor's case is complete or the automatic stay has been lifted. The only practical difference to U.S. Bank's position in that situation is that, assuming Debtor receives her discharge, U.S. Bank could not pursue any deficiency judgment against her.
>
> After reviewing this opinion, [the *pro se*] Debtor may conclude that it would actually be in her best interest to treat the Note and Mortgage in her plan, as she originally proposed. If so, then the only avenue available to her to accomplish that result would be to file a motion under Bankruptcy Rule 9006(b)(1) for leave to file a proof of claim on U.S. Bank's behalf under Bankruptcy Rules 3004 … On the other hand, she might reasonably conclude that she does not care whether she loses her house in foreclosure, so long as she is not liable for any deficiency judgment that results. If so, then she need do nothing further in this Court than pursue her amended plan, which does not call for payments to U.S. Bank.

Id. (citation omitted).

Since this Court has no information from the parties indicating how they intend to proceed if U.S. Bank does not have an allowed claim, the Court will enter an order converting the confirmation hearing scheduled for June 18, 2021, to a case status hearing, and require the Debtor, U.S. Bank, and the Trustee each to report, at that hearing, their proposal for moving this case forward.

## CONCLUSION

For the reasons set forth above, the Court sustains the Debtor's objection and denies U.S. Bank's motion to file a claim after the bar date.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

*[signature]*

June 10, 2021
Burlington, Vermont

Colleen A. Brown
United States Bankruptcy Judge